# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**TRAVIS HOMER ELLIS, JR**  **PLAINITIFF**
**ADC # 551269**

**V.**   **CASE NO. 5:16-CV-373-SWW-BD**

**JACOB RAWSON, et al.**  **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I. Procedures for Filing Objections

This Recommended Disposition ("Recommendation") has been sent to Judge Susan Webber Wright. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection. Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Wright can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

### II. Discussion

A. Background

Plaintiff Travis Homer Ellis Jr., an Arkansas Department of Correction ("ADC") inmate, filed this civil rights lawsuit without the help of a lawyer. He claims that

Defendants Rawson and Kirtley ("Defendants") failed to protect him from an attack at the hands of another inmate on July 18, 2016.[1] (Docket entry #1)

Defendants have now moved for summary judgment on the issue of exhaustion. (#40) Mr. Ellis filed a response. (#46) In addition, Mr. Ellis filed a motion for summary judgment. (#50) Defendants have responded. (#52)

B. Standard

Summary judgment is granted to a party when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine dispute as to any fact important to the outcome of the lawsuit. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986). If important facts remain in dispute, the court cannot grant summary judgment, and the case is set for a trial.

C. Exhaustion

The Prison Litigation Reform Act requires the Court to dismiss any claim raised that was not fully exhausted prior to filing a civil lawsuit under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a) (declaring, "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*,

---

[1] Mr. Ellis's official capacity claims against the Defendants have been dismissed. (#23)

2

548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory"). Furthermore, an inmate's subjective beliefs regarding exhaustion are irrelevant in determining whether administrative procedures are available. See *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

D. Discussion

On July 18, 2016, the date that Mr. Ellis was attacked, Administrative Directive ("AD") 14-16 was in effect. (#40-1) Under AD 14-16, inmates must fully exhaust their administrative remedies as to all defendants before filing a § 1983 lawsuit. (#40-1, p. 17-18) Inmates first file a unit level grievance form within fifteen days of the incident. (#40-1, p.5) The unit level grievance form must contain a statement that "is specific as to the substance of the complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form." (#40-1, p. 5-6) This form should be presented to a designated problem-solver or to any staff member holding the rank of sergeant or above. (#40-1, p.6) At this time, the staff member must sign and date the form. (#40-1, p.6) If the problem cannot be resolved, the resolution attempt must be documented on the form, and the inmate may proceed to step two using the same form within three days of receipt of the step one response. (#40-1, p.7-8)

At step two, the inmate must explain why the informal resolution was unsuccessful. (#40-1, p.8) Upon receipt, the grievance officer transmits an acknowledgement or rejection within five working days. (#40-1, p.9) If an inmate has not received a response within twenty days, the inmate may move to the next level of the process by appealing to the chief deputy/deputy/assistant director within five working days. (#40-1, p.10)

On July 18, 2016, Mr. Ellis was attacked in his sleep by inmate Robbird. He alleges that, prior to the attack, he had told Defendants that he was afraid of his cellmate and wanted to be moved. (#1) After the attack, the Defendants contend that Mr. Ellis did not exhaust a grievance concerning the attack or about the Defendants. (#40-2, #40-3) According to Mr. Ellis, he filed a unit-level grievance form complaining of the Defendants' failure to protect him on July 18, 2016. (#46)

In support, Mr. Ellis has produced an unnumbered grievance that appears to contain Sergeant Agnew's signature with a date of July 18, 2016. This indicates receipt of a step-one form and an explanation that Mr. Ellis was not moved because inmate Robbird was not on his enemy alert list and because Mr. Ellis had not indicated that he was having problems with inmate Robbird. (#46, p.2)

Defendants acknowledge that Sergeant Agnew signed Mr. Ellis's step-one grievance form on July 18, 2016. (#48) It appears that on July 22, 2016, the form was returned with the step-one response; that Mr. Ellis filled out the step-two form; and that

4

Sergeant Agnew signed to indicate receipt of the step-two form. (#46, p.2) The Defendants dispute that the step-two signature on July 22, 2016, is Sergeant Agnew's and assert that it is a forgery. (#48) According to Sergeant Agnew, she did not receive or sign Mr. Ellis's step-two grievance form. (#48)

For purpose of Defendants' summary judgment motion, the Court will view the facts in Mr. Ellis's favor and will assume Sergeant Agnew did receive and sign Mr. Ellis's step-two form on July 22, 2016. Mr. Ellis argues that Sergeant Agnew hindered his ability to exhaust by failing to file his step-two grievance form. (#46) However, AD 14-16 provides that an inmate may move on in the process if he does not receive a response to his step-two form within twenty days by appealing to the chief deputy/deputy/assistant director within five working days. When Mr. Ellis did not receive a response within twenty days, he should have moved to the next level of the process and appealed to the chief deputy/deputy/assistant director in order to fully exhaust the grievance. Mr. Ellis did not appeal.

Because he did not complete the process, Mr. Ellis did not fully exhaust his administrative remedies against Defendants Rawson and Kirtley.

## III. <u>Conclusion</u>

The Court recommends that Defendants' motion for summary judgment on the issue of exhaustion (#40) should be GRANTED. If that motion is granted, Mr. Ellis's motion for summary judgment (#50) should be DENIED, as moot.

DATED this 6th day of November, 2017.

_____
UNITED STATES MAGISTRATE JUDGE